UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL CHARLES BREWSTER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number: |
| v. ) | 2:17-cv-362-JEO |
| ) | |
| GEICO GENERAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

Samuel Charles Brewster, Jr. ("Plaintiff") filed this suit, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332(a), asserting he is entitled to underinsured motorist benefits from GEICO General Insurance Company ("GEICO"). (Doc.[1] 1-7 ("Complaint")). GEICO filed a motion to dismiss contending this court lacks subject matter jurisdiction. (Doc. 7). Plaintiff responded by filing an opposition to GEICO's motion. (Doc. 11). GEICO has filed a reply to Plaintiff's opposition. (Doc. 12). Upon consideration, the court[2] concludes that it lacks subject matter jurisdiction and that the complaint must be dismissed.

---

[1] Citations herein to "Doc(s). __" are to the document numbers assigned by the clerk, as reflected on the docket sheet, to the pleadings, motions, and other documents in the court file.

[2] The parties have consented to an exercise of plenary jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 14).

I. **BACKGROUND**

Plaintiff filed this action on March 7, 2017. (Doc. 1). The material allegations of the pleading are as follows: On or about May 31, 2011, the vehicle Plaintiff was driving was rear-ended at a red light by another driver (hereinafter "Tortfeasor"). (*Id.* ¶ 5). At the time of the accident Plaintiff had a contract for automobile insurance with GEICO which provided coverage for claims where a tortfeasor was uninsured or underinsured. (*Id.* ¶ 4). This policy was in the amount of $75,000. (*Id.* at ¶ 19). Tortfeasor also had automobile liability insurance at the time of the accident in the amount of $100,000. (*Id.* at ¶¶ 8, 22). Following the accident, Plaintiff filed suit against Tortfeasor. (*Id.* at ¶ 12). Plaintiff and Tortfeasor ultimately settled the case for $55,000. (Doc. 1 ¶ 12). GEICO's position was that there was no uninsured motorist exposure stemming from the accident. (*Id.* at ¶¶ 10-14).

Based on the foregoing allegations, Plaintiff asserts in his one-count complaint that GEICO is liable under Alabama law for breach of contract in regard to uninsured motorist benefits. In response to Plaintiff's complaint, GEICO filed a motion to dismiss on May 26, 2017. (Doc. 7). GEICO argues this court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy does not exceed $75,000. (*Id* at p. 2.). Specifically, GEICO argues that because the full amount of potential underinsured motorist coverage under the

policy is limited to $75,000, the amount in controversy cannot exceed the jurisdictional limit.

On June 9, 2017, Plaintiff filed an opposition to GEICO's motion to dismiss. (Doc. 11). In his brief, Plaintiff argues he is not required to first exhaust liability under the tortfeasor's insurance policy before being able to collect under his own uninsured motorist policy, though he admits that GEICO is entitled to a set-off in the full amount of the tortfeasor's liability coverage. (*Id.* at p. 3). Further, Plaintiff contends that in calculating amount in controversy under 28 U.S.C. § 1332(a), the court should consider what is actually in controversy as opposed to how much he is likely to recover. (*Id.* at p. 4). He asserts that, because his damages are in excess of $100,000, the fact that he can only recover $75,000 under his policy does preclude the amount in controversy from being more than $75,000. (*Id.* at p. 4-6).

Following Plaintiff's opposition to its motion to dismiss, GEICO filed a response to Plaintiff's opposition on June 16, 2017. (Doc. 12). GEICO admits that Plaintiff could be entitled to underinsured motorist benefits despite settling for only $55,000 of Tortfeasor's $100,000 liability coverage and GEICO further agrees it would be entitled to set-off the full amount of Tortfeasor's liability coverage. (*Id.* at ¶ 1). GEICO disputes, however, Plaintiff's contention concerning the impact of underlying policy limits and argues the cases he relies upon are not on point. (*Id.* at ¶ 3). GEICO asserts that Tortfeasor's coverage limit does not establish the

amount in controversy and instead submits that what is at issue is Plaintiff's uninsured motorist claim which is limited to $75,000.00, one penny below the jurisdictional limit.

II. **DISCUSSION**

In order for a district court to have jurisdiction under the diversity statute, a plaintiff must establish that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. 1332(a). In actions seeking enforcement of an insurance policy, the amount available under the policy may be relevant to the amount in controversy. *See Koester v. State Farm Mut. Ins., Co.*, 2012 WL 5265783, at *4 (N.D. Ala. Oct. 22, 2012). However, where the facts alleged in a complaint cannot legally support a judgment in excess of the jurisdictional amount, a court cannot have jurisdiction even if the damages asserted exceed that amount. *Payne v. State Farm Mut. Auto Ins. Co.*, 266 F.2d 63, 64-65 (5th Cir. 1959).[3]

In *Payne*, the old Fifth Circuit affirmed a lower court's dismissal of a case on the ground that the amount in controversy was not met. *Payne*, 266 F.2d at 64. The plaintiff, the father of a nine-year-old boy who was hit by a car, brought suit against State Farm. *Id.* The plaintiff claimed $50,865.68 worth of damages for his son's personal injuries and medical expenses. *Id.* The insurance policy limited

---

[3] Decisions of the former Fifth Circuit handed down before October 1, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

4

liability to $10,000 for personal injuries. *Id.* In coming to its decision, the court stated that it must consider whether recovery in a sum in excess of the jurisdictional minimum, which was then $10,000, is possible. *Id.* at 65. The court determined that because the policy was only for $10,000, the plaintiff could not recover from State Farm an amount in excess of the jurisdictional limit even if his damages from the accident might be $50,865.68. *Id.*

Other courts in this circuit have also considered this issue in the uninsured/underinsured motorist context. For example, in *Henry v. State Farm Mutual Automobile Insurance Company*, 2013 WL 5178518, at *1 (M.D. Fla. Sept. 13, 2013), the insured brought an action on his policy in state court, and the defendant insurer sought to remove based on diversity. *Henry*, 2013 WL 5178518, at *1. However, in its notice of removal, the defendant admitted that the policy limit was at most $75,000. *Id.* The defendant contended that the policy limit did not determine amount in controversy and asserted that the plaintiff's damages exceeded $75,000. *Id.* The court, however, remanded the action. *Id.* While noting that policy limits do not always determine amount in controversy, the court distinguished cases in which "the value of the claim exceeds the value of the policy." *Id.* (quoting *Kelly v. Gen. Star Nat'l Indem. Co.*, No. 8:07-cv-1143-JDW-TGW, 2007 WL 3034654, at *2 (M.D. Fla. Oct. 16, 2007)). Thus, the court held that where the amount a plaintiff can recover is limited to $75,000 or less, no

amount of damages above that amount can create jurisdiction under 28 U.S.C. § 1332(a).

In the present action, Plaintiff is likewise the holder of a $75,000 policy for uninsured and underinsured motorist insurance coverage. (Doc. 1 ¶ 19). Plaintiff settled with Tortfeasor for $55,000 of his $100,000 auto liability coverage. (Doc. 1 ¶¶ 12, 22). While the court does not dispute the Plaintiff's assertion that he need not exhaust the tortfeasor's liability policy before recovering underinsured motorist benefits, this has no effect on the amount in controversy where Plaintiff's underinsured policy limits are below the jurisdictional limits. The question instead, is whether the facts legally support a judgment in excess of $75,000 against GEICO. Plaintiff asserts he is entitled to damages in excess of the jurisdictional limit, specifically citing damages in excess of $100,000 for pain, mental anguish, and medical expenses. (Doc. 1 ¶¶ 22-23). Similar to *Payne*, however, the Plaintiff's policy limit is less than the amount of damages sought. Because Plaintiff's policy only allows recovery up to $75,000 and no more, the fact that his total damages from the accident might be above the jurisdictional limit cannot satisfy the required amount in controversy. Therefore, the amount in controversy does not exceed the jurisdictional limit.

Plaintiff contends the court must look to what amount is actually in controversy in the case, not how much a plaintiff will ultimately recover, citing

*Erby v. Pilgrim's Pride*, No. 2:16-cv-0497-VEH, 2016 WL 3548792, at *1 (N.D. Ala. June 30, 2016). (Doc. 11). While the court would acknowledge the correctness of that proposition, *Erby* did not involve an insurance policy. Thus, there was no question presented with regard to the role that policy limits might play in determining the amount in controversy. By contrast, the coverage limit under Plaintiff's insurance policy establishes the upper limit of the amount in controversy: $75,000.00. (Doc. 1 ¶ 19). Because Plaintiff is legally unable to collect more than the jurisdictional limit, the amount in controversy is not met.

III. **CONCLUSION**

Based on the foregoing, Defendant's motion to dismiss for lack of jurisdiction (Doc. 7) is due to be **GRANTED**. A separate order will be entered.

**DONE**, this 26th day of January, 2018.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge